IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Herbert Demond York,            ) | C/A No.: 1:20-2180-RMG-SVH |
|                                 ) | |
| Plaintiff,       ) | |
|                                 ) | |
| v.                              ) | |
|                                 ) | ORDER AND NOTICE |
| Warden Terry Wallace; Assistant ) | |
| Warden Kim Jones; Mental Health ) | |
| Counselor Mr. Goodson; Lt. Y.   ) | |
| Lewis; Lt. Homes; and Capt.     ) | |
| Martin,                         ) | |
|                                 ) | |
| Defendants.       ) | |
|                                 ) | |

Herbert Demond York ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against the following employees at Kirkland Reception and Evaluation Center: Warden Terry Wallace; Assistant Warden Kim Jones; Mental Health Counselor Mr. Goodson; Lt. Y. Lewis; Lt. Homes; and Capt. Martin (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff alleges that on May 12, 2020, he was told to pack his personal property because Lewis stated she did not want Plaintiff in her dorm. [ECF

No. 1 at 11]. Homes and Lewis later explained that Goodson and another mental health counselor placed him on suicide watch. *Id.* Plaintiff states that he never stated at any time that he was suicidal or wanted to hurt himself.[1] *Id.* Plaintiff alleges he was stripped of his personal property and placed in a call that was not clean and was not a "suicide cell." Plaintiff alleges all defendants knew he has mental illness and being placed in isolation can make mental illness worse. *Id.* Plaintiff states he never received an incident report or mental health report and believes Defendants were retaliating against him for filing grievances about his First and Fourteenth Amendment rights. *Id.* at 12.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may

---

[1] The undersigned notes Plaintiff's previous filings in *York v. Capers*, C/A No. 1:20-1367-RMG-SVH, at ECF No. 1 and 11, indicate he has a history of reporting that he is feeling suicidal or that he wants to hurt himself. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

2

be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it

3

clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

   B.   Analysis

      1.   No Factual Allegations Against Martin and Wallace

To state a plausible claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).[1] To assert a viable § 1983 claim against a state official, Plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that

---

[2] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution). As Plaintiff asserts no factual allegations against Wallace and Martin, these Defendants are subject to summary dismissal.

2.   Failure to State a Claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff's complaint does not contain sufficient factual allegations of constitutional wrongdoing or discriminatory actions attributable to Defendants. Although Plaintiff alleges Lewis stated she did not want Plaintiff on her dorm, he also states that the suicide watch was ordered by mental health counselors. Plaintiff's only factual allegation concerning Homes is that he advised Plaintiff of the order to be placed on suicide watch. Finally, to the

5

extent Plaintiff disagrees with the orders of the mental health counselors, he has not provided sufficient facts to show a constitutional violation. Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F. 2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D. Kan. 1986). Mistakes of medical judgment are not subject to judicial review in a § 1983 action. *Russell v. Sheffer*, 528 F. 2d 318, 319 (4th Cir. 1975). Accordingly, Plaintiff's complaint is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **July 17, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the

district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

*Shiva V. Hodges*

June 26, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

7